782

GLOBE INDEMNITY COMPANY,
Plaintiff,

v.

C. Ray SYKES, Defendant.

Civ. No. 4182.

United States District Court
S. D. Ohio, E. D.

Oct. 2, 1957.

J. Paul McNamara, Columbus, Ohio, for plaintiff.

John L. Rittinger, Willis H. Liggett, Columbus, Ohio, for defendant.

CECIL, District Judge.

The plaintiff, Globe Indemnity Company, brought this action against the defendant, C. Ray Sykes, to recover from him the sum of $244,091.92, which it claims by reason of an indemnity or save harmless agreement which the defendant signed to guarantee the plaintiff against loss on performance bonds of Hannagan Brothers, Inc.

The case is now before the Court on a motion of the defendant for summary judgment and a second motion of the plaintiff for summary judgment. To support its motion the plaintiff has filed several affidavits and depositions.

Plaintiff's first motion for summary judgment was denied by Judge Underwood. Since that ruling, additional supporting evidence has been furnished the Court and the question now presented is whether or not under all of the evidence the plaintiff is entitled to a judgment. The writer of this opinion would not attempt to review the decision of Judge Underwood. In passing on the motion in the light of the additional testimony, it is not considered to be the same question that was before Judge Underwood.

Undisputed evidence is before the Court showing the indemnity agreement of the defendant; the execution of the performance bonds by the plaintiff to guarantee performance of certain contracts of Hannagan Brothers, Inc.; the financial difficulty of Hannagan Brothers, Inc., and its inability to complete its contracts; the financial agreement of the plaintiff with Hannagan Brothers, Inc., for assistance in completing the contracts and the defendant's consent to the financial agreement without a waiver of any of the rights of the plaintiff against the defendant under the indemnity agreement.

In brief, without enumerating each item in detail, the Court considers that there is ample evidence entirely undisputed, to establish liability of the defendant to the plaintiff under the indemnity agreement pleaded in the complaint.

The legal question presented concerns the method by which the plaintiff is required to prove the amount of the liability.

Undisputed evidence shows that the plaintiff issued drafts for deposit to an account in the Louisville Trust Company in the sum of $311,115.82; that it paid out on behalf of the Hannagan Brothers, Inc., on its bonded contracts which were indemnified by the defendant, the sum of $12,598.20, and that there was salvage to the amount of $81,150.27 for which Hannagan Brothers, Inc., were entitled to credit.

Checks drawn on the bank account in Louisville were signed jointly by a representative of the plaintiff and a representative of Hannagan Brothers, Inc. This money was used for the completion of the jobs in Jeffersonville, Indiana, which were bonded by the plaintiff. These bonds were indemnified by the defendant.

The money in the second item of payment mentioned in the second paragraph above, was paid out on invoices and expense items, all of which are supported by documentary evidence showing the purpose of the payment. None of these payments, either the drafts for deposit or the payments on invoices, is disputed.

Counsel for the defendant say that the "plaintiff must prove its case". This is certainly true, but counsel seemingly understand this to mean that the plaintiff must show item by item and by invoice, how the money in the Louisville Bank was used.

The Court does not consider that the plaintiff is required to do this in order to carry its burden of proof.

The defendant agreed to indemnify or reimburse and save harmless the plaintiff for any money it had to expend by reason of the default of Hannagan Brothers, Inc., on the contracts bonded by it and indemnified by defendant. The plaintiff apparently considered that the cheapest way for it to fulfill its obligations to the obligees of the bonds was to finance Hannagan Brothers, Inc., in the completion of the contracts. The defendant consented to the finance agreement and he was Chief Engineer of Hannagan Brothers, Inc. The proceeds of the drafts deposited in the bank in Louisville were used to meet the obligations of Hannagan Brothers, Inc., in the completion of its contracts. The particular items for which this money was spent were not primary obligations of the plaintiff. Hannagan Brothers, Inc., was the principal on these bonds. The plaintiff's obligations were to the obligees of the bonds in the event the principal failed. The plaintiff then need only show the amount it had to pay the principal to enable it to complete its contracts.

The Court considers that the plaintiff has shown by evidence which leaves no disputed fact in issue as to the amount paid by it on behalf of Hannagan Brothers, Inc., in satisfaction of plaintiff's obligations on the bonds in question.

By Mr. Moynahan's deposition filed July 2, 1957, on page 25, it is shown that the total amount paid out by the plaintiff, less salvage and credit, is $237,519.27. Mr. John P. McCormick, Vice President of plaintiff's company, in his affidavit of May 11, 1956, arrives at a figure of $242,563.75. According to Mr. Moynahan's testimony on page 25 of the deposition, the plaintiff received a check from the Federal Reserve Bank of Cleveland on October, 22, 1956, in the sum of $5,044.48. Applying this credit to Mr. McCormick's figure, it leaves the balance the same as Mr. Moynahan's.

Counsel for plaintiff in his reply memorandum states that he is willing to have the total credits of $86,194.75 deducted from the sum of $247,297.75, an amount alleged to have been admitted by the defendant to have been paid out by the plaintiff on behalf of Hannagan Brothers, Inc., and to take a judgment in the sum of $161,103. Judgment will be allowed plaintiff in this amount, together with interest and costs in accordance with the prayer of the complaint.

Plaintiff alleged in its complaint that it was authorized to do business in the

State of Ohio. Although this can hardly be in doubt since the bonds were written and the loss paid by the plaintiff, the Court finds no specific admission or proof by affidavit or deposition. Counsel for plaintiff may supply this deficiency, if such it is, by stipulation or affidavit.